# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH A. CAMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-0847-CV-W-DW-P |
| ) | |
| THE UNIVERSITY OF CENTRAL MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## ORDERING DISMISSING CASE

Plaintiff , who is currently incarcerated at the CCA facility in Leavenworth, Kansas, has filed pro se this Freedom of Information Act complaint. He has been granted leave to proceed in forma pauperis, but has been directed to pay the required filing fee in installments.

Pursuant to the Prison Litigation Reform Act, the Court is required to screen prisoner cases and must dismiss the case if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted. 28 U.S.C. § 1915A(b)(1) & (2).

Plaintiff names the University of Central Missouri ("UCM") as the sole defendant in this case. Plaintiff seeks the release of certain records which he has requested from defendant.

The Freedom of Information Act, 5 U.S.C. § 552, requires federal agencies to make certain records available to the public upon request. UCM is a state agency, not a federal agency. Consequently, the provisions of the Freedom of Information Act do not apply to UCM, and the Court does not have jurisdiction to entertain plaintiff's claims against this defendant.

Because the party plaintiff names as the sole defendant in this case is not a federal agency, and because the Court, therefore, does not have subject-matter jurisdiction pursuant to the Freedom of Information Act, this case will be dismissed, with prejudice, for failure to state a claim.

Plaintiff is cautioned that this dismissal will count against him for purposes of the three-dismissal

rule set forth in 28 U.S.C. § 1915(g)(1996).[1]

Plaintiff is further advised that, in addition to the $350.00 filing fee, federal law now "'makes prisoners responsible for [appellate filing fees of $455.00] the moment the prisoner...files an appeal.'" Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (citation omitted). Pursuant to Henderson, plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full...appellate filing fee regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

Id. At 484.

Accordingly, it is **ORDERED** that this case is dismissed, with prejudice, for lack of jurisdiction and for failure to state a claim, and all other pending motions are denied as moot.

    /s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  December 15, 2011.

---

[1] The provisions of 28 U.S.C. § 1915, the "in forma pauperis" statute, have changed substantially. Under the new law, a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she has three or more times in the past, while incarcerated brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." A prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals as described in Section 1915(g).